## Jacob Hartman et al., trading as Hartman Brothers, Defendants in Error, v. Western Cold Storage Company, Plaintiff in Error.

### Gen. No. 20,037.

1. TROVER AND CONVERSION, § 31*—*when demand on public warehouseman sufficient*. In an action against a public warehouseman for conversion of property, the demand for the property must be made either by the holder of the receipt or the depositor of the goods, accompanied with an offer to satisfy the warehouseman's lien, an offer to surrender the receipt properly indorsed, and a readiness and willingness to sign, when the goods are delivered, an acknowledgment that they have been delivered, if such signature is requested by the warehouseman. (Hurd's R. S. 1913, p. 1897, par. 248, sec. 8, J. & A. ¶ 9007.)

2. TROVER AND CONVERSION, § 32*—*when denial of defense erroneous*. In an action against a public warehouseman for conversion of property, the refusal to allow the defendant to file an additional defense setting up its claim for lien, was error when the motion was made before the trial, since, if the plaintiffs were surprised, they could have taken a continuance.

3. TROVER AND CONVERSION, § 32*—*when defendant has burden of proof*. In an action against a public warehouseman for conversion of property, the defendant had the burden of sustaining a defense of a claim for lien.

4. TROVER AND CONVERSION, § 47*—*when measure of damages not shown*. In an action against a public warehouseman for conversion of a carload of onions, there was no competent evidence as to the measure of damages where one witness testified that the onions were worth fifty cents a bushel, but the evidence did not show how

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

many bushels there were, and where another witness testified that there were about five hundred sacks, worth fifty cents a sack, but there was no evidence as to the kind, quality or condition of the onions.

Error to the Municipal Court of Chicago; the Hon. JOSEPH S. LA BUY, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1914. Reversed and remanded. Opinion filed December 22, 1914.

CULVER, ANDREWS & KING, for plaintiff in error.

SAMUEL F. KNOX, for defendants in error.

MR. JUSTICE SMITH delivered the opinion of the court.

An action was brought by Hartman Brothers, defendants in error, against the Western Cold Storage Company, plaintiff in error, in the Municipal Court of Chicago, to recover the value of a carload of onions.

The record shows the following facts: April 4, 1913, there was placed in storage with the plaintiff in error by Peters Brothers a carload of onions, consisting of 504 bags, and a receipt for the onions was issued to Peters Brothers, showing that the onions were held for the account of Peters Brothers by the Western Cold Storage Company. The receipt was marked as non-negotiable, as required by law.

April 22, 1913, Peters Brothers made a demand in writing on the plaintiff in error signed "Hartman Brothers, by Peters Brothers, Agents," for the immediate delivery of the onions. The demand was not accompanied by an offer to return the warehouse receipt for cancellation, and the plaintiff in error refused to deliver to Hartman Brothers the onions stored by Peters Brothers, claiming that it had a lien on the onions for moneys due to the plaintiff in error from Peters Brothers, and on the refusal to deliver, the action was brought to recover the value therefor on April 22, 1913. The demand made was not signed by

Hartman Brothers or any of the members of that firm, but was signed by Peters Brothers as agents. The action was for conversion of the property, and it was incumbent upon Hartman Brothers to show a proper and legal demand upon the Storage Company, plaintiff in error, before they could recover. As the defendant was a public warehouseman and the statutes governing its action prescribed what a legal demand should be and contain, and that the demand must be made either by the holder of the receipt or the depositor of the goods accompanied with (1) an offer to satisfy the warehouseman's lien; (2) an offer to surrender the receipt properly indorsed; and (3) a readiness and willingness to sign, when the goods are delivered, an acknowledgment that they have been delivered, if such signature is requested by the warehouseman. Hurd's R. S. 1913, p. 1987, par. 248, sec. 8 (J. & A. ¶ 9007). The evidence in the case fails to show that any such demand was made and fails to show that at any time the defendants in error offered to return or surrender the warehouse receipt. A warehouseman would not be authorized under the statute to give up the goods until the warehouse receipt is returned and cancelled according to the statute; for, under the provisions of the statute, if the property had been given up without taking up and cancelling the receipt, the warehouseman would be liable to any one who purchased the receipt either before or after the goods had been delivered.

We think the court erred in refusing to allow the plaintiff in error to file an additional defense setting up its claim for a lien upon its motion to that effect. The motion was made before the trial was entered upon and should have been allowed. If the plaintiffs were surprised, they could have taken a continuance to investigate the same. It was an affirmative defense and the burden was upon the plaintiff in error to sustain the same, and in furtherance of justice the motion should have been allowed.

No competent evidence was offered in the cause as to the proper measure of damages. While the evidence of Hartman was that onions were worth fifty cents a bushel, the evidence in the record does not show how many bushels there were in this lot of onions, and it would, therefore, be impossible to arrive at the amount of the judgment which was rendered in this case. The evidence of Peters was that they were worth fifty cents a sack and that there were about 500 sacks. There was no evidence as to the kind, quality or condition of the onions. It does not appear that either of the witnesses knew the condition or quality of the property.

The judgment is reversed.

*Reversed and remanded.*